1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7
8

CLARK HAMER,                                    )
                                                )
9                       Plaintiff,              )        Case No. 2:15-cv-01036-GMN-GWF
                                                )
10    vs.                                        )        **ORDER AND REPORT**
                                                 )        **AND RECOMMENDATION**
11    STATE OF NEVADA BUREAU OF                   )
      VOCATIONAL REHABILITATION                  )
12    EMPLOYMENT AND TRAINING,                    )        Application to Proceed *in Forma*
                                                 )        *Pauperis* (#1) and Screening of
13                                               )        Amended Complaint (#2)
                        Defendant.               )
14    _____)

15              This matter is before the Court on Plaintiff's Application to Proceed *in forma pauperis* (#1),

16    filed on June 3, 2015.  Also before the Court is Plaintiff's Amended Complaint (#2) filed on August

17    13, 2015.

18                                        **Background**

19              Plaintiff alleges he suffered violations of § 1983 of the Civil Rights Act through Defendants'

20    discriminatory practices.  Plaintiff alleges the Nevada Bureau of Vocational Rehabilitation (NBVR)

21    delayed his vendor's approval and refused to accept reimbursement documentation because Plaintiff

22    is both African-American and disabled.  Furthermore, Plaintiff alleges the Nevada Disability and

23    Advocacy Law Center (NDALC) deprived him of services to which he was entitled, and that he

24    received disparate treatment at Defendant's hands.  Plaintiff brings suit against NBVR and NDALC,

25    and requests damages for lost potential earnings, and restitution.

26    **I.      Application to Proceed In Forma Pauperis**

27              Plaintiff filed this instant action and attached a financial affidavit to his application and

28    complaint as required by 28 U.S.C. § 1915(a).  Reviewing Plaintiff's financial affidavit pursuant to

28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee.  As a result,

Plaintiff's request to proceed in forma pauperis in federal court is granted.

## II.       Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to

dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune

from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for

failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the

plaintiff can prove no set of facts in support of his claims that would entitle him to relief."  *Buckey

v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it

is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490

U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the

facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are

judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33

(1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to

amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of

the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70

F.3d 1103, 1106 (9th Cir. 1995).

### A.      § 1983

Plaintiff's Amended Complaint (#2) alleges discrimination falling under 42 U.S.C. § 1983.

Plaintiff claims Defendants discriminated against him because he is African-American.  42 U.S.C.

§ 1983 creates a path for the private enforcement of substantive rights created by the Constitution

and Federal Statutes.  *Graham v. Connor,* 490 U.S. 386, 393-94 (1989).  In order to state a claim

under  § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the

laws of the United States, and must show that the alleged deprivation was committed by a person

acting under color of law."  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  A defendant acts under color

of state law when he abuses the position given to him by the state.  *Id.* at 49.  Generally, a public

employee acts under color of state law while acting in his official capacity or while performing his responsibilities pursuant to state law. *Id.* at 49-50.

### 1.   Liability of NBVR

Plaintiff brings suit against the Nevada Bureau of Vocational Rehabilitation. States, and state officials acting in their official capacities, are not considered "persons" within the meaning of § 1983. *Will v. Mich Dep't of State Police*, 491 U.S. 58, 65 (1989). "But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office… As such, it is no different from a suit against the State itself." *Id.* at 71. The Ninth Circuit found that actions against arms of the state under § 1983 cannot be brought in federal court "because the cause of action in § 1983 does not reach arms of the state." *Pittman v. Oregon,* 509 F.3d 1065, 1072 (9th Cir. 2007), *see also Elmatboly v. Ariz. State Univ.,* 297 Fed. Appx. 654, 655 (9th Cir. 2008), *Turner v. Grievance Coordinator*, 2014 U.S. Dist. Lexis 59220 at *4 (D. Nev. 2014). The NBVR is a part of the Rehabilitation Division operating under the auspices of the Nevada Department of Employment, Training and Rehabilitation. As such, the NBVR is considered to be an "arm of the state." Therefore, the Court recommends dismissal of the § 1983 claim against NBVR with prejudice.

### 2.   Liability of NDALC

Plaintiff brings suit against the Nevada Disability and Advocacy Law Center. The NDALC website states the business is "a private, statewide non-profit organization that serves as Nevada's federally-mandated protection and advocacy system for human, legal, and service rights for individuals with disabilities. Private conduct is generally immune from § 1983 claims regardless of how discriminatory the conduct may be. *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999). Even when there is extensive state funding and regulation of a private activity, the Court has held "the mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 350 (1974), *see also Rendell-Baker,* 457 U.S. 830 at 842-43; *Morse v. North Coast Opportunities,* 118 F.3d 1338, 1340-41 (9th Cir. 1997). Only where "there is a sufficiently close nexus between the State and the challenged action of the regulated entity" will the

3

1    Court allow a defendant to be subjected to a §1983 claim.  *Id.*

2         A "close nexus" exists only where the State has "exercised coercive power or has provided

3    such significant encouragement."  *Id. also see Flag Bros. Inc. v. Brooks,* 436 U.S. 149, 156 (1978).

4    Four factors can be used to determine whether a "close nexus" existed between governmental and

5    private parties: (1) the source of funding; (2) the impact of government regulations on the conduct

6    of the private employer; (3) whether the private party was performing a function typically reserved

7    for the government; and (4) whether there was a symbiotic relationship between the government and

8    the private entity.  *Rendell-Baker,* 457 U.S. 830 at 839-43, *see also Morse,* 118 F.3d 1338 at 1342,

9    *Vincent v. Trend Western Technical Corp.,* 828 F.2d 563, 568-569 (9th Cir. 1987).  Additionally,

10   the plaintiff has the burden of proof as to whether or not a defendant's private conduct qualifies as a

11   governmental action.  *Shilling v. Crawford,* 2006 U.S. Dist. LEXIS 39128 at *10 (D. Nev. June 12,

12   2006).  Plaintiff's Amended Complaint (#2) has not alleged any facts to suggest NDALC actions

13   were the result of any influence from the State of Nevada.  Therefore, the Court will dismiss the §

14   1983 claim against NDALC without prejudice, and will give the Plaintiff leave to amend his

15   complaint to state sufficient facts to state a claim, if he is able to do so.

16        **B.**     **Americans with Disabilities Act**

17             **1.**     **Liability of NBVR**

18        Under the 11th Amendment, States are generally immune from "any suit in law or equity,

19   commenced or prosecuted…by Citizens of another State, or by Citizens or Subjects of any Foreign

20   State."  However, the Supreme Court ruled that Congress has the ability to abrogate the State's 11th

21   Amendment immunity if it so chooses.  *Kimel v. Florida Bd. Of Regents,* 528 U.S. 62, 73 (2000).

22   The Ninth Circuit declared that Congress abrogated State's sovereign immunity under Title II of the

23   ADA.  *Dare v. California,* 191 F.3d 1167, 1175 (9th Cir. 1999); *see also Hason v. Med. Bd. Of Cal.,*

24   279 F.3d 1167, 1171 (9th Cir. 2002); *Phiffer v. Columbia River Corr. Inst.,* 384 F.3d 791, 792 (9th

25   Cir. 2004).  Because NBVR is an arm of the state, which has no sovereign immunity against Title II

26   claims, any viable claims against it may proceed.

27   . . .

28   . . .

### 2.   ADA discrimination

Plaintiff claims that NBVR discriminated against him because he is disabled.  Under the Americans with Disabilities Act, Title II states "no qualified individual shall, by reason of such disability, be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity."  42 U.S.C. § 12132. In order to state a claim under Title II, a plaintiff must establish: "(1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Parker v. Universidad de P.R.,* 225 F.3d 1, 5 (1st Cir. 2000); *see also Buchanan v. Maine,* 249 F.3d 158, 170 (1st Cir. 2006), *Equal Rights Ctr. v. District of Columbia,* 741 F. Supp. 2d 273, 283 (D.D.C. 2010).  Plaintiff claims to be a qualified individual with a disability, he alleges that NBVR made false allegations concerning his spending habits, and denied his valid reimbursement requests. Furthermore, Plaintiff claims that this denial of benefits occurred because of his disability.  Given the requisite liberal construction of the amended complaint, the Court finds that Plaintiff has sufficiently pled a claim for Title II discrimination.

If Plaintiff elects to proceed in this action by filing a second amended complaint, he is informed that the Court cannot refer to a prior pleading in order to make his second amended complaint complete.  Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967).  Once Plaintiff files a second amended complaint, the amended complaint no longer serves any function in the case. Therefore, in a second amended complaint, as in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (#1) is **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

. . .

1    **IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to

2    conclusion without the necessity of prepayment of any additional fees or costs or the giving of

3    security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the

4    issuance of subpoenas at government expense.

5    **IT IS FURTHER ORDERED** that Plaintiff's racial discrimination claim against the

6    Nevada Disability and Advocacy Law Center pursuant to 42 U.S.C. § 1983 is **dismissed** for failure

7    to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have **thirty**

8    **(30) days** from the date that this Order is entered to file his Second Amended Complaint, if he

9    believes he can correct the noted deficiencies.  Failure to comply with this Order will result in a

10   recommendation that this claim be dismissed with prejudice.

11   **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Amended

12   Complaint (#2).

13   **IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to

14   Defendant, the Nevada Bureau of Vocational Rehabilitation, named in the Amended Complaint (#2)

15   and deliver the summons to the U.S. Marshal for service.  The Clerk of the Court shall send the

16   required USM-285 forms to Plaintiff.  Plaintiff shall have twenty (20) days to furnish the required

17   USM-285 forms to the U.S. Marshal at 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, Nevada

18   89101.  After Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, he

19   has twenty (20) days to file a notice with the court identifying if Defendant was served.  If Plaintiff

20   wishes to have the U.S. Marshal attempt service again on any unserved defendant, then a motion

21   must be filed with the court identifying the unserved defendant, specifying a more detailed name

22   and address and indicating whether some other manner of service should be used.  Pursuant to Rule

23   4(m) of the Federal Rules of Civil Procedure, service must be accomplished within ninety (90) days

24   from the date that the complaint was filed.

25   **IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendant, or its

26   attorney if it has retained one, a copy of every pleading, motion, or other document submitted for

27   consideration by the court.  Plaintiff shall include with the original paper submitted for filing a

28   certificate stating the date that a true and correct copy of the document was mailed to Defendant or

6

1   its counsel.  The Court may disregard any paper received by a district judge, magistrate judge, or the

2   Clerk which fails to include a certificate of service.

3                                    **RECOMMENDATION**

4           **IT IS HEREBY RECOMMENDED** that Plaintiff's racial discrimination claim against the

5   Nevada Bureau of Vocation Rehabilitation pursuant to 42 U.S.C. § 1983 be dismissed with

6   prejudice due to Plaintiff's failure to state a claim for which relief can be granted. The Nevada

7   Bureau of Vocational Rehabilitation is considered an "arm of the state" of Nevada and is therefore,

8   immune from suit as states are not persons for purposes of § 1983.

9                                         **NOTICE**

10          Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in

11  writing and filed with the Clerk of the Court within fourteen (14) days.  Appeals may been waived

12  due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142

13  (1985).  Failure to file objections within the specified time or failure to properly address and brief

14  the objectionable issues waives the right to appeal the District Court's order and/or appeal factual

15  issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991);

16  *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

17

18          DATED this 20th day of January, 2016.

19

20                                                        _____
                                                          GEORGE FOLEY, JR.
21                                                        United States Magistrate Judge

22

23

24

25

26

27

28