# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CLARK HAMER, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> STATE OF NEVADA BUREAU OF ) <br> VOCATIONAL REHABILITATION ) <br> EMPLOYMENT AND TRAINING and ) <br> NEVADA DISABILITY AND ADVOCACY ) <br> LAW CENTER, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No.: 2:15-cv-01036-GMN-GWF <br><br> **ORDER** |

Pending before the Court is the Objection to Report and Recommendation (ECF No. 10) filed by Plaintiff Clark Hamer ("Plaintiff") after the Court adopted Magistrate Judge George Foley's Report and Recommendation (ECF No. 4). For the reasons discussed below, the Court **VACATES** its Order Adopting Report and Recommendation (ECF No. 7).

**I.     BACKGROUND**

On January 21, 2016, Magistrate Judge George Foley entered an Order granting Plaintiff's Application for Leave to Proceed in forma pauperis (ECF No. 1). (Order 5:25–26, ECF No. 4). Additionally, the Order dismissed Plaintiff's racial discrimination claim against Nevada Disability and Advocacy Law Center ("NDALC") pursuant to 42 U.S.C. § 1983 without prejudice, granting Plaintiff leave to file a second amended complaint within 30 days of the date of the Order to amend the deficient claim. (*Id.* 6:5–10). Moreover, Judge Foley recommended that Plaintiff's racial discrimination claim against the Nevada Bureau of Vocation Rehabilitation ("NBVR") pursuant to 42 U.S.C. § 1983 be dismissed with prejudice, explaining that "[t]he Nevada Bureau of Vocation Rehabilitation is considered an 'arm of the

state' of Nevada and is therefore, immune from suit as states are not persons for purposes of § 1983." (*Id.* 7:4–8).  However, Judge Foley found that Plaintiff had sufficiently pled a claim for Title II discrimination against NBVR. (*Id.* 5:14–16).

On February 22, 2016, after the deadline to file a second amended complaint had passed and the deadline to file objections to Judge Foley's Report and Recommendation had passed, the Court entered an Order adopting Judge Foley's Report and Recommendation. (Order, ECF No. 7).  Specifically, the Court dismissed Plaintiff's racial discrimination claim against NDALC and NBVR pursuant to 42 U.S.C. § 1983 with prejudice. (*Id.* 1:23–2:2).  Shortly thereafter, on March 8, 2016, Plaintiff filed a Notice of Appeal. (ECF No. 9).  Moreover, the following day, Plaintiff filed the instant Objection to Report and Recommendation. (ECF No. 10).

Although Plaintiff filed the instant Objection after filing his Notice of Appeal, the Court of Appeals for the Ninth Circuit entered an Order explaining that Plaintiff's Objection "could be construed as a timely-filed motion listed in Federal Rule of Appellate Procedure 4(a)(4)." (Order at 1, ECF No. 12).  Accordingly, the Ninth Circuit held that its appellate proceedings "shall be held in abeyance pending the district court's ruling as to whether appellant's March 9, 2016 filing is a motion listed in Federal Rule of Appellate Procedure 4(a)(4) and if so, the district court's resolution of the motion." (*Id.* at 1–2).  Because the Court construes the instant Objection as a Rule 59 or Rule 60 motion, the instant Objection is a motion listed in Federal Rule of Appellate Procedure 4(a)(4).

As a side matter, the Court received notice on February 3, 2016, that Judge Foley's Report and Recommendation, which was mailed to Plaintiff, was returned to the Court as undeliverable. (*See* ECF No. 6).  Because no other address was available to the Court and Plaintiff did not update his mailing address with the Court, the Court was unable to resend the Report and Recommendation. (*Id.*).

## II. LEGAL STANDARD

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). However, a motion for reconsideration is not a mechanism for rearguing issues presented in the original filings, *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985), or "advancing theories of the case that could have been presented earlier, *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted). Thus, Rule 59(e) and 60(b) and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

## III. DISCUSSION

In the instant Objection, Plaintiff explains that, because he did not receive Judge Foley's Report and Recommendation, he did not have an opportunity to timely object or file his second amended complaint. (Objection at 1, ECF No. 10). Moreover, in a separate filing, Plaintiff explains that Judge Foley's Report and Recommendation "was sent to the (wrong address) in a different city that I live in, and was returned to Judge's office on February 3rd 2016. I only received a copy after going to the court house." (Mot. Judicial Review at 2, ECF No. 14). Although Plaintiff acknowledges that his address on file with the Court is incorrect, he still has not provided the Court with an updated, correct mailing address.

Local Rule IA 3–1 requires that a "pro se party must immediately file with the court written notification of any change of mailing address" and failure to do so "may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by

the court." While the Court sympathizes with Plaintiff's inability to object to or comply with Judge Foley's Report and Recommendation, it is Plaintiff's own failure to notify the Court of any change of mailing address that caused such inability.

Because Plaintiff has failed to comply with Local Rule IA 3-1, the Court is within its discretion to dismiss Plaintiff's action in its entirety.  However, the Court will provide Plaintiff a second opportunity.  Although the Court does not find cause to reverse its decision dismissing Plaintiff's racial discrimination claim against NBVR pursuant to 42 U.S.C. § 1983 with prejudice, the Court will allow Plaintiff a second chance to file a second amended complaint to amend his racial discrimination claim against NDALC pursuant to 42 U.S.C. § 1983 to correct the noted deficiencies in Judge Foley's Report and Recommendation.  Plaintiff shall have **forty-five (45) days** from the date that this Order is entered to file his second amended complaint.  Failure to comply with this Order will result in this claim being dismissed with prejudice.  Additionally, Plaintiff's claim for Title II discrimination against NBVR remains ripe for adjudication.

Plaintiff shall pay particular attention to Judge Foley's instructions as follows:

> If Plaintiff elects to proceed in this action by filing a second amended complaint, he is informed that the Court cannot refer to a prior pleading in order to make his second amended complaint complete.  Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967).  Once Plaintiff files a second amended complaint, the amended complaint no longer serves any function in the case.  Therefore, in a second amended complaint, as in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

(Order 5:17–24, ECF No. 4).

Plaintiff is also ordered to update his mailing address with the Court. Plaintiff shall have **forty-five (45) days** from the date that this Order is entered to update his mailing address with the Court. Failure to do so will result in the dismissal of Plaintiff's action in its entirety. Because the Court does not currently have a correct mailing address on file for Plaintiff, the Court is doubtful that Plaintiff will receive notice of this Order, which is why the Court is giving Plaintiff an extended period to comply.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Court's Order Adopting Report and Recommendation (ECF No. 7) is **VACATED**.

**IT IS FURTHER ORDERED** that the Clerk's Judgment (ECF No. 8) is **VACATED**. Accordingly, the Clerk shall enter an amended judgment dismissing Plaintiff's racial discrimination claim against NBVR pursuant to 42 U.S.C. § 1983 with prejudice. Moreover, Defendant NDALC shall be reinstated as a party in this case.

**IT IS FURTHER ORDERED** that Plaintiff shall have **forty-five (45) days** from the date that this Order is entered to file his second amended complaint. Failure to comply with this Order will result in this claim being dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall have **forty-five (45) days** from the date that this Order is entered to update his mailing address with the Court. Failure to do so will result in the dismissal of Plaintiff's action in its entirety.

**DATED** this __23__ day of August, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge