# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CLARK HAMER,

    Plaintiff,

vs.

STATE OF NEVADA BUREAU OF VOCATIONAL REHABILITATION EMPLOYMENT AND TRAINING,

    Defendant.

Case No. 2:15-cv-01036-GMN-GWF

**ORDER AND REPORT AND RECOMMENDATION**

Screening of Third Amended Complaint (ECF No. 19)

This matter is before the Court on the screening of Plaintiff's Third Amended Complaint (ECF No. 19), filed on September 26, 2016.

## BACKGROUND

On January 21, 2016, the undersigned entered an order granting Plaintiff's Application for Leave to Proceed *in forma pauperis* and a report and recommendation that Plaintiff's racial discrimination claim against the Nevada Bureau of Vocation Rehabilitation ("NVBR") pursuant to 42 U.S.C. § 1983 be dismissed with prejudice. *See* ECF No. 4. The Court, however, found that Plaintiff had sufficiently pled a claim for Title II discrimination against NVBR. *Id*. In addition, the Court dismissed Plaintiff's racial discrimination claim against Nevada Disability and Advocacy Law Center "NDALC") pursuant to 42 U.S.C. § 1983 without prejudice and granted Plaintiff leave to file a second amended complaint within 30 days of the date of the order to amend the deficient claim. *Id*. The deadline to file objections to the report and recommendation was on February 7, 2016.

On February 22, 2016, the Court entered an order adopting the undersigned's order and report and recommendation. *See* ECF No. 7. On March 8, 2016, Plaintiff filed a Notice of Appeal

(ECF No. 9). On March 9, 2016, Plaintiff filed an objection to the report and recommendation. (ECF No. 10). On March 17, 2016, the Ninth Circuit entered an order stating that Plaintiff's objection could be construed as a timely-filed motion listed in Federal Rule of Appellate Procedure 4(a)(4) and instructed the district court to rule on the motion. *See* ECF No. 12.

On August 23, 2016, the Court vacated its order adopting the report and recommendation. *See* ECF No. 15. The Court vacated the Clerk's Judgment (ECF No. 8) and instructed the Clerk of the Court to enter an amended judgment dismissing Plaintiff's racial discrimination claim against NBVR pursuant to 42 U.S.C. § 1983 with prejudice and to reinstate Defendant NDALC as a party. *Id*. The Court granted Plaintiff leave to amend his racial discrimination claim against NDALC pursuant to 42 U.S.C. § 1983 to correct the deficiencies noted in the undersigned's report and recommendation (ECF No. 4) within 45 days of the date of the order. *Id*. The Court noted that Plaintiff's claim for Title II discrimination against NBVR remains ripe for adjudication. *Id*. at pg. 4.

### I. Screening the Third Amended Complaint

On September 26, 2016, Plaintiff filed his "third" amended Complaint[1]. (ECF No. 19). Upon granting a request to proceed in forma pauperis and granting leave to amend, a court must additionally screen a complaint pursuant to 28 U.S.C. §1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether

---

[1] Although it is his second amended complaint, Plaintiff titled it as his third amended complaint and the Court will refer to it as the third amended complaint hereinafter.

2

or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In its order and report and recommendation (ECF No. 4), the Court gave Plaintiff leave to amend the noted deficiencies of his complaint and informed Plaintiff that pursuant to Local Rule 15-1, the Court could not refer to a prior pleading in order to make his amended complaint complete. In its August 23, 2016 order (ECF No. 15), the Court reiterated to Plaintiff that he could not refer to prior pleadings and that Plaintiff must sufficiently allege each claim and the involvement of each defendant.

### A. Liability of NBVR

Under the 11th Amendment, States are generally immune from "any suit in law or equity, commenced or prosecuted…by Citizens of another State, or by Citizens or Subjects of any Foreign State." However, the Supreme Court ruled that Congress has the ability to abrogate the State's 11th Amendment immunity if it so chooses. *Kimel v. Florida Bd. Of Regents,* 528 U.S. 62, 73 (2000). The Ninth Circuit declared that Congress abrogated State's sovereign immunity under Title II of the ADA. *Dare v. California,* 191 F.3d 1167, 1175 (9th Cir. 1999); *see also Hason v. Med. Bd. Of Cal.,* 279 F.3d 1167, 1171 (9th Cir. 2002); *Phiffer v. Columbia River Corr. Inst.,* 384 F.3d 791, 792 (9th Cir. 2004). Because NBVR is an arm of the state, which has no sovereign immunity against Title II claims, Plaintiff's viable claims against it may proceed. Plaintiff's claim for Title II discrimination against NBVR remains ripe for adjudication.

### B. Liability of NDALC

In regard to Plaintiff's § 1983 claim against NDALC, the Court stated as follows:

> Plaintiff brings suit against the Nevada Disability and Advocacy Law Center. The NDALC website states the business is "a private, statewide non-profit organization that serves as Nevada's federally-mandated protection and advocacy system for human, legal, and service rights for individuals with disabilities. Private conduct is generally immune from § 1983 claims regardless of how discriminatory the conduct may be. *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999). Even when there is extensive state funding and regulation of a private activity, the

> Court has held "the mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 350 (1974), *see also Rendell-Baker,* 457 U.S. 830 at 842-43; *Morse v. North Coast Opportunities,* 118 F.3d 1338, 1340-41 (9th Cir. 1997). Only where "there is a sufficiently close nexus between the State and the challenged action of the regulated entity" will the Court allow a defendant to be subjected to a §1983 claim. *Id.*
>
> A "close nexus" exists only where the State has "exercised coercive power or has provided such significant encouragement." *Id. also see Flag Bros. Inc. v. Brooks,* 436 U.S. 149, 156 (1978). Four factors can be used to determine whether a "close nexus" existed between governmental and private parties: (1) the source of funding; (2) the impact of government regulations on the conduct of the private employer; (3) whether the private party was performing a function typically reserved for the government; and (4) whether there was a symbiotic relationship between the government and the private entity. *Rendell-Baker,* 457 U.S. 830 at 839-43, *see also Morse,* 118 F.3d 1338 at 1342, *Vincent v. Trend Western Technical Corp.,* 828 F.2d 563, 568-569 (9th Cir. 1987). Additionally, the plaintiff has the burden of proof as to whether or not a defendant's private conduct qualifies as a governmental action. *Shilling v. Crawford,* 2006 U.S. Dist. LEXIS 39128 at *10 (D. Nev. June 12, 2006). Plaintiff's Amended Complaint (#2) has not alleged any facts to suggest NDALC actions were the result of any influence from the State of Nevada. Therefore, the Court will dismiss the § 1983 claim against NDALC without prejudice, and will give the Plaintiff leave to amend his complaint to state sufficient facts to state a claim, if he is able to do so.

*See Report and Recommendation* (ECF No. 4), pg. 4.

The Ninth Circuit has established a two part test to establish whether or not an alleged infringement of federal rights is fairly attributable to the government: "1) the deprivation must result from a government policy, and 2) the party charged with the deprivation must be a person who may fairly be said to be a government actor." *Sutton v. Providence St. Joseph Med. Center*, 192 F.3d 826, 835 (9th Cir. 1999). A court begins with the presumption that private conduct does not constitute governmental action. *Rendell-Baker v. Kohn,* 457 U.S. 830, 841 (1982).

In his third amended complaint, Plaintiff appears to allege that there is a sufficient nexus between the State of Nevada and NDALC because the Nevada Bureau of Vocational Rehabilitation and NDALC collaborated on and approved his individualized plan for employment (IPE), because his IPE plan was in violation of federal and state compliance regulations, and because "state agents" deprived him of his rights. Plaintiff fails to state that NDALC's actions were the result of a government policy. Plaintiff lists "state agents" and "NDALC members" that "had a hand in directly depriving [him] of [his] privileges as a client and citizen of the United States," but does not specify the nature of their agency on behalf of the state and does not allege what actions such

4

individuals took other than general allegations that NDALC did not comply with federal and state regulations. Plaintiff fails to establish a connection between the State of Nevada and NDALC. Therefore, the Court recommends dismissal of the § 1983 claim against NDALC. Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall issue summons to Defendant, the Nevada Bureau of Vocational Rehabilitation, named in the Third Amended Complaint (ECF No. 19) and deliver the summons to the U.S. Marshal for service. The Clerk of the Court shall send the required USM-285 forms to Plaintiff. Plaintiff shall have twenty (20) days to furnish the required USM-285 forms to the U.S. Marshal at 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, Nevada 89101. After Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, he has twenty (20) days to file a notice with the court identifying if Defendant was served. If Plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendant, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address and indicating whether some other manner of service should be used. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within ninety (90) days from the date that the complaint was filed.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendant, or its attorney if it has retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendant or its counsel. The Court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Plaintiff's discrimination claim against the Nevada Disability and Advocacy Law Center pursuant to 42 U.S.C. § 1983 be dismissed due to Plaintiff's failure to allege that there is a sufficient nexus between the State of Nevada and NDALC.

## **NOTICE**

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. Appeals may been waived

due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). Failure to file objections within the specified time or failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 24th day of May, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge