# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CLARK HAMER,                               )
                                          )
                    Plaintiff,            )      Case No.: 2:15-cv-01036-GMN-GWF
       vs.                                )
                                          )      **ORDER**
STATE OF NEVADA BUREAU OF                 )
VOCATIONAL REHABILITATION                 )
EMPLOYMENT AND TRAINING,                  )
                                          )
                    Defendant.            )
                                          )

Pending before the Court is the Report and Recommendation of the Honorable United

States Magistrate Judge George Foley, Jr., (ECF No. 30), which recommends that Clark

Hamer's ("Plaintiff") discrimination claim against the Nevada Disability and Advocacy Law

Center ("NDALC") pursuant to 42 U.S.C. § 1983 be dismissed due to Plaintiff's failure to

allege a sufficient nexus between the State of Nevada and NDALC.

A party may file specific written objections to the findings and recommendations of a

United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B);

D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a de novo

determination of those portions to which objections are made. *Id.*  The Court may accept, reject,

or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).  Here, Plaintiff filed an Objection to the Report and

Recommendation on June 8, 2017. (*See* ECF No. 32).

Judge Foley recommends dismissal of Plaintiff's § 1983 claim against NDALC on the

basis that Plaintiff fails to establish a nexus between the State of Nevada and NDALC sufficient

to render NDALC a governmental actor for the purposes of his constitutional claims. (Report

1  and Recommendation 5:2–3, ECF No. 30).  In accordance with 28 U.S.C. § 636(b)(1) and

2  Local Rule IB 3-2(b), the Court has reviewed the record in this case, including Plaintiff's

3  Objection, (ECF No. 32), and agrees with Judge Foley's recommendation.

4      The ultimate issue in determining whether a person or entity is subject to suit under §

5  1983 is whether the alleged violation of federal rights is fairly attributable to the government.

6  *See Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir. 1999).  The

7  United States Supreme Court utilizes a two-part test to answer this inquiry.  "First, the

8  deprivation must result from governmental policy[,]" such that the deprivation was "caused by

9  the exercise of some right or privilege created by the [government] or a rule of conduct

10  imposed by the [government]." *Id.* (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922,

11  937 (1982)).  "Second, 'the party charged with the deprivation must be a person who may fairly

12  be said to be a governmental actor.'" *Id.* (quoting *Lugar*, 457 U.S. at 937).  The Ninth Circuit

13  "start[s] with the presumption that private conduct does not constitute governmental action."

14  *Id.*; *see also Price v. State of Hawaii*, 939 F.2d 702, 707–708 (9th Cir. 1991) ("[P]rivate parties

15  are not generally acting under color of state law.").

16      Further, the "Supreme Court has instructed that 'state action may be found if, though

17  only if, there is such a close nexus between the State and the challenged action that seemingly

18  private behavior may be fairly treated as that of the State itself.'" *Florer v. Congregation*

19  *Pidyon Shevuyim, N.A.*, 639 F.3d 916, 924 (9th Cir. 2011) (quoting *Brentwood Acad. V. Tenn.*

20  *Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).  The inquiry "begins by identifying

21  the specific conduct of which the plaintiff complains." *Caviness v. Horizon Cmty. Learning*

22  *Ctr.*, 590 F.3d 806, 812 (9th Cir. 2010).  "It is important to identify the function at issue

23  because an entity may be a State actor for some purposes but not for others." *Id.* 812–13.

24      The Court finds that Plaintiff's amended Complaint, (*see* Second Am. Compl. ("SAC"),

25  ECF No. 19), fails to plead facts from which the Court can conclude that NDALC's conduct

can fairly constitute state action.  Plaintiff alleges that NDALC and the Nevada Bureau of Vocational Rehabilitation and Training ("BVR") collaborated in approving Plaintiff's Individualized Plan for Employment ("IPE"), which allegedly violated federal compliance regulations. (*See id.* at 1).  Plaintiff further alleges that NDALC receives federal funding and BVR contracted with NDALC to ensure federal compliance. (*Id.* at 1–2).  Beyond these two assertions, however, there are no specific allegations that NDALC's actions resulted from governmental policy, or that NDALC effectively served as a state agent with regard to the alleged deprivation.

Moreover, it is well established that a private entities' dependence on governmental subsidies is insufficient to establish state action. *See e.g.*, *Rendell-Baker v. Kohn*, 457 U.S. 830, 840–41 (1982)); *see also Caviness*, 590 F.3d at 815.  Further, being subject to extensive governmental regulation is also not enough to render private entities governmental actors for the purposes of constitutional claims. *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). Accordingly, Plaintiff's allegations are insufficient to overcome the presumption that NDALC is a private actor.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 30), is **ACCEPTED and ADOPTED** in full.

**IT IS FURTHER ORDERED** that Plaintiff's discrimination claim against NDALC pursuant to 42 U.S.C. § 1983 is dismissed due to Plaintiff's failure to allege that there is a sufficient nexus between the State of Nevada and NDALC.

**DATED** this __7__ day of March, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court

Page 3 of 3