# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CLARK HAMER, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No.: 2:15-cv-1036-GMN-GWF |
| ) | |
| STATE OF NEVADA, DEPARTMENT OF ) | **ORDER** |
| EMPLOYMENT, REHABILITATION AND ) | |
| TRAINING, VOCATIONAL ) | |
| REHABILITATION BUREAU, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 39), filed by the State of Nevada, Department of Employment, Training and Rehabilitation, Vocational Rehabilitation Bureau ("Defendant"). Pro se Plaintiff Clark Hamer ("Plaintiff")[1] filed a Response, (ECF No. 42), and Defendant filed a Reply, (ECF No. 45).[2] For the reasons discussed herein, Defendant's Motion is **GRANTED.**

## I. BACKGROUND

This case arises out of alleged violations of Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131, *et seq.*, as well as violations of other statutory,

---

[1] In light of Plaintiff's status as a pro se litigant, the Court has liberally construed his filings, holding them to a standard less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] Plaintiff also filed a Motion for Summary Judgment, (ECF No. 49). "Federal Rule of Civil Procedure 56 provides that, prior to the entry of summary judgment, the opposing party must have a sufficient opportunity to discover information essential to its position." *Bank of America, N.A. v. Woodcrest Homeowners Assoc.*, No. 2:15-cv-01024-GMN-GWF, 2016 WL 8732298, at *1 n.1 (D. Nev. Mar. 25, 2016) (citing Fed. R. Civ. P. 56(d)); *see also Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981) ("Implicit in the opportunity to respond is the requirement that sufficient time be afforded for discovery necessary to develop facts essential to justify a party's opposition to the motion [for summary judgment]."). Here, Plaintiff filed the Motion for Summary Judgment prior to discovery commencing. Accordingly, Plaintiff's request for summary judgment is **DENIED** as premature.

regulatory, and constitutional rights. Specifically, Plaintiff was eligible to receive vocational rehabilitation services from Defendant due to his disability and low-income status. (Am. Compl. at 1, ECF No. 19). In August and September of 2014, Defendant approved Plaintiff for two Individualized Plans for Employment ("IPE Agreements"), under which Plaintiff was provided funding to cover his living expenses for an out-of-state training program. (*See* Decision and Order, Hearing No. 150-5723-PL at 7:18–10:9 (Sept. 4, 2015) ("Decision and Order"), Ex. 5 to Resp., ECF No. 42). However, Plaintiff had to exit the program because Defendant denied Plaintiff cash advances he was allegedly due pursuant to the IPE Agreements. (Am. Compl. at 2). Moreover, Plaintiff claims that Defendant denied him funding after falsely accusing him of criminal conduct. (*Id.*). Based on this denial, Plaintiff alleges he had to spend seventy-five percent of his Social Security Disability Income ("SSDI") on his living expenses for a two-month period. (*Id.*).

On November 20, 2014, Plaintiff filed a "Complaint of Services" with Defendant's Bureau Chief and the Nevada Equal Rights Commission. (*See* Decision and Order 1:13–17). Subsequently, an administrative hearing was held, and on September 4, 2015, a Hearing Officer issued an order concluding that Defendant improperly withheld Plaintiff's funding under the IPE Agreements. (*Id.* 24:1–25:12).

Pursuant to this, Plaintiff originally filed this action on June 3, 2015, and then filed the instant Amended Complaint on September 26, 2016. (*See* Am. Compl.). Plaintiff asserts violations pursuant to: (1) the ADA; (2) Section 504 of the Rehabilitation Act of 1973; (3) the Fourteenth Amendment due process clause; (4) Continuing Disability Review Protection under SSA Ticket to Work Procedures and of the Social Security Act; (5) 42 U.S.C. § 804; (6) 18 U.S.C. § 242; (7) Title VI of the Civil Rights Act; (8) Rehabilitation Services Administration Advocacy, Enforcement, and Compliance; (9) 7 C.F.R. § 273.9; (10) 20 C.F.R. § 411.115; (11) 34 C.F.R. § 361.53; (12) Bureau of Vocational Rehabilitation's Policy and Procedure Manual;

and (13) 34 C.F.R. § 361.772(c)(7). (*Id.* at 1). On July 12, 2017, Defendant filed the instant Motion to Dismiss. (ECF No. 39).

## II. LEGAL STANDARD

### A. Rule 12(b)(5)

A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Federal Rule of Civil Procedure 4. *See Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Rule 12(b)(5) authorizes a defendant to move for dismissal due to insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). The plaintiff has the burden of demonstrating that service of process was valid. *See R. Griggs Grp. Ltd. v. Filanto Spa*, 920 F. Supp. 1100, 1102 (D. Nev. 1996). If service of process is insufficient, the court has discretion to dismiss an action or to simply quash service. *See* Fed. R. Civ. P. 4(m); *SHJ v. Issaquah School Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006); *Filanto Spa*, 920 F. Supp. at 1102. Actual notice of a lawsuit will not subject a defendant to personal jurisdiction "if service was not made in substantial compliance with Rule 4." *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (quotation omitted).

## III. DISCUSSION

In its Motion, Defendant seeks dismissal on the following grounds: (1) Plaintiff failed to comply with Federal Rule of Civil Procedure ("FRCP") 4(j)(2); (2) Plaintiff failed to properly serve Defendant under the FRCP and Nevada Revised Statute ("NRS") § 41.031; (3) Plaintiff has no private right of action for some of his claims; and (4) Plaintiff has failed to state claims for which relief may be granted. (Mot. to Dismiss ("MTD") 3:9–5:21). The Court will first address the allegations of ineffective service of process.

### A. Service of Process

Defendant first argues for dismissal based on insufficient service of process under the FRCP. *See* FRCP 12(b)(5); (MTD 3:9–12). Specifically, Defendant asserts that Plaintiff's

service was deficient pursuant to both FRCP 4(j)(2) and NRS § 41.031. (*Id.* 3:9–25).[3] The Court will address each applicable method of service in turn.

### 1. FRCP 4(j)(2)

FRCP 4(j)(2) prescribes the method for serving a state or local government entity. Specifically, Rule 4(j)(2) provides:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

FRCP 4(j)(2).

Under this rule, service may be effected by serving the summons and complaint on the State's chief executive officer or by a method pursuant to state law. *See* FRCP 4(j)(2); *see*, *e.g.*, *Uranga v. Adams*, No. 3:10-cv-00014-RCJ-RAM, 2011 WL 147909, at *4 (D. Nev. Jan. 14, 2011) ("A state-created governmental organization must be served by service on the chief executive officer (the governor) or by the manner prescribed by state law for serving such a defendant."). Here, Plaintiff has not filed proof of service as to the State's chief executive officer, the governor. Accordingly, Plaintiff did not properly effect service under subsection (A) of Rule 4(j)(2).

### 2. NRS § 41.031(2)

Alternatively, Rule 4(j)(2)(B) permits services of process pursuant to state law. *See* FRCP 4(j)(2)(B). In Nevada, NRS § 41.031 provides for the method of effecting service in a suit against the State of Nevada or any state-created governmental entity therein. The rule provides:

---

[3] Plaintiff does not address these arguments in his Response. (*See* Resp., ECF No. 42).

> In an action against the State of Nevada, the summons and a copy of the complaint must be served upon: (a) The Attorney General, or a person designated by the Attorney General, at the Office of the Attorney General in Carson City; and (b) The person serving in the office of administrate head of the named agency.

NRS § 41.031(2).

Under Nevada law, a plaintiff must serve both the Attorney General and a person serving in the office of the administrative head of the relevant state entity. NRS § 41.031(2)(a)–(b); *see, e.g.*, *Johnson v. Clark Cnty. Sch. Dist.*, No. 2:14-cv-02213-JAD-VCF, 2016 WL 3156059, at *1 (D. Nev. June 3, 2016) ("[The plaintiff] had not served the CCSD with process in the manner prescribed by NRS 41.031(2)—by serving *both* the Nevada Attorney General's office and the administrative head . . . .") (emphasis added); *see also Mango v. DETR*, No. 2:10-cv-457-JCM-RJJ, 2011 WL 148280, at *2 (D. Nev. Jan. 14, 2011).

Here, Plaintiff filed proof of service as to Defendant on June 27, 2017. (*See* ECF No. 37). The filing indicates that on June 26, 2017, the United States Marshals Service served an individual named Kim Cantiero at the address 3016 W. Charleston Blvd., Suite 215, Las Vegas, Nevada 89102. (*Id.*). While service appears to have been addressed to the Southern Main Office of the Bureau of Vocational Rehabilitation,[4] it is unclear whether this location is the office of the administrative head of Defendant. Regardless, the record indicates that the Nevada Attorney General's office, or an agent designated thereto, was not served. Therefore, Plaintiff's service was insufficient under NRS § 41.031(2).

Based on the foregoing, the Court finds that Plaintiff failed to properly serve Defendant in this action. The Court therefore does not have personal jurisdiction over Defendant. *See Direct Mail Specialists*, 840 F.2d at 688. Accordingly, Defendant's Motion to Dismiss is granted.

---

[4] The Court may take judicial notice of "official information posted on a governmental website, the accuracy of which [is] undisputed." *See Arizona Libertarian Party v. Reagan*, 798 F.3d 723, 727 n.3 (9th Cir. 2015).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 39), is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint, (ECF No. 19), is **DISMISSED** without prejudice.  Plaintiff is advised that because this action has been dismissed without prejudice, he may file a new case with an opportunity to effect proper service.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 49), Motions to Enter Points and Authorities, (ECF Nos. 52, 55), Motion to Clarify, (ECF No. 57), and Motion to Expedite Trial, (ECF No. 59), are **DENIED as moot**.

The Clerk of Court is instructed to close the case.

**DATED** this _30_ day of March, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge