# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CLARK HAMER,  )
            )
        Plaintiff,  )
  vs.  )  Case No.: 2:15-cv-1036-GMN-GWF
            )
STATE OF NEVADA, DEPARTMENT OF  )  **ORDER**
EMPLOYMENT, REHABILITATION AND  )
TRAINING, VOCATIONAL  )
REHABILITATION BUREAU,  )
            )
        Defendant.  )
            )

Pending before the Court is the Motion for Reconsideration, (ECF No. 64), filed by pro se Plaintiff Clark Hamer ("Plaintiff"), as well as a Motion to Add an Addendum, (ECF No. 65), to the Motion for Reconsideration.[1] Defendant the State of Nevada Bureau of Vocational Rehabilitation Employment and Training ("Defendant") filed a Response, (ECF No. 66), and Plaintiff filed a Reply, (ECF No. 67).

Also pending before the Court are Plaintiff's two filings labeled as Motions to the United States Board of Review, (ECF Nos. 68, 71), to which Defendant filed Responses, (ECF Nos. 69, 72). For the reasons discussed herein, Plaintiff's Motions are **DENIED**.

## I. <u>BACKGROUND</u>

Plaintiff initially filed the instant action against Defendant on June 3, 2015, asserting violations of Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131, *et seq.*, as well as violations of other statutory, regulatory, and constitutional rights. (*See*

---

[1] In light of Plaintiff's status as a pro se litigant, the Court has liberally construed his filings, holding them to a standard less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Compl., ECF No. 1-1). Relevant to the instant Motions, Plaintiff filed a Third Amended Complaint ("TAC") on September 26, 2016, (ECF No. 19). In his screening order, Judge Foley ordered, *inter alia*, the Clerk of Court to send Plaintiff the USM-285 form and that Plaintiff furnish the required USM-285 form to the U.S. Marshal. (R&R 5:4–15, ECF No. 30). The docket reflects that the U.S. Marshal's initial summons was returned unexecuted due to an incorrect address, (ECF No. 34), and a second summons was returned executed indicating that an individual was served on October 26, 2017, (ECF No. 37). This Court subsequently adopted Judge Foley's Report and Recommendation, (*see* Order, ECF No. 60).

On July 12, 2017, Defendant filed a motion to dismiss contending that the Court is without jurisdiction over Defendant because Plaintiff failed to properly serve the summons and complaint. (Mot. to Dismiss 3:1–25, ECF No. 39). On March 30, 2018, the Court granted Defendant's motion on the basis that Plaintiff's service was deficient whether analyzed under the Federal Rules of Civil Procedure or Nevada law. (Order 4:3–5:20, ECF No. 62). Under the Federal Rules, Plaintiff's service was improper because he did not serve the State's chief executive officer. (*Id.* 4:3–18); *see also* Fed. R. Civ. P. 4(j)(2). Under Nevada law, Plaintiff's service was defective because Plaintiff incorrectly addressed service to Defendant and neither served, nor attempted to serve, the attorney general. (Order 4:19–5:20, ECF No. 62); *see also* NRS 41.031(2).

Because Plaintiff failed to comply with the Federal Rules of Civil Procedure or Nevada law with respect to service of process, the Court concluded it was without personal jurisdiction over Defendant. (*Id.* 5:21–24). The Court, however, dismissed Plaintiff's TAC without prejudice and advised Plaintiff that "he may file a new case with an opportunity to effect proper service." (*Id.* 6:4–7). Plaintiff filed the instant Motion for Reconsideration on April 13, 2018, (ECF No. 64).

## II. LEGAL STANDARD

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). Reconsideration is appropriate where the district court: "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). However, a motion for reconsideration is not a mechanism for rearguing issues presented in the original filings. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Furthermore, although the court enjoys discretion in granting or denying a motion under this rule, "amending a judgment after its entry remains an extraordinary remedy which should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal quotation marks and citation omitted).

## III. DISCUSSION

In his Motion, Plaintiff states that he is not at fault for the failure to effect service upon Defendant. (Mot. for Recons. at 1–2, ECF No. 64). Plaintiff asserts that pursuant to Judge Foley's Report and Recommendation, the Clerk of Court was required to effect proper service on the administrative head of Defendant. (*Id.*). Defendant responds that Plaintiff, rather than the Clerk of Court, is at fault for failing to properly complete the USM-285 form with the correct service information. (Resp. to Mot. for Recons. 4:12–19, ECF No. 66). Defendant further argues that Plaintiff's Motion is deficient because Plaintiff neglects to explain or otherwise justify his failure to serve the Nevada attorney general. (*Id.* 4:21–27).

Contrary to Plaintiff's assertions, Judge Foley's Report and Recommendation stated that Plaintiff is responsible for "furnish[ing] the required USM-285 forms to the U.S. Marshal." (R&R 5:7–9, ECF No. 30). The Court recognizes that Plaintiff, as a pro se litigant, does not possess the procedural expertise of a practicing attorney. However, pro se litigants, just like

practicing attorneys, are subject to the service-of-process requirements of the Federal Rules of Civil Procedure. *See Denson v. Lucas*, No. 2:10-cv-525-APG-VCF, 2013 WL 3467047, at *3 (D. Nev. July 9, 2013); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Accordingly, Plaintiff's failure to furnish the USM-285 form with the correct address and proper entity supports the Court's conclusion that service was insufficient.

Even if, however, Plaintiff's failure to provide the proper address to Defendant's administrative headquarters were to justify reconsideration, this would not excuse the other deficiency in Plaintiff's service. As noted in the Court's Order, Plaintiff's attempted service was also improper because Plaintiff failed to serve the State's attorney general pursuant to Nevada law, or serve the governor under the Federal Rules of Civil Procedure. (Order 4:3–5:20, ECF No. 62); *see* Fed. R. Civ. P. 4(j)(2) (providing that a state-created entity must be served by delivering a copy of the summons and complaint to a state's chief executive officer or by complying with state law for service of process); *see also* NRS 41.031(2) (requiring that in a suit against a state entity, service must be directed to both the state's attorney general, or his designee, and a person serving in the office of the administrative head of the named agency). Because this omission is capable of being remedied, the Court expressly stated that Plaintiff could file a new complaint and have another opportunity to properly direct service upon Defendant. (*Id.* 6:4–7). Plaintiff, however, declined to do so and instead filed the instant Motions to Reconsider.

Plaintiff's current Motions do not include any argument as to why he failed to serve either Nevada's attorney general or governor. While Plaintiff appears to have furnished completed USM-285 forms addressed to individuals employed by Defendant, Plaintiff has not included a form addressed or directed to the attorney general or governor. (*See* USM-285 Forms, Ex. 3 to Mot. to Board of Review, ECF No. 1-3). Therefore, even if the Court were to

credit Plaintiff's explanation that he properly completed the USM-285 forms, this would not account for Plaintiff's failure to serve all required parties under either Nevada law or the Federal Rules of Civil Procedure. Because Plaintiff's Motions fail to address this deficiency, the Court is without a basis to find that its prior Order was erroneous or would result in manifest injustice.

Based upon the foregoing, the Court finds that Plaintiff has not articulated grounds sufficient for the Court to amend or otherwise reconsider its prior Order. The Court expressly delineated the service-of-process requirements under both Nevada law and the Federal Rules of Civil Procedure and explained why Plaintiff's service was insufficient. Because Plaintiff has not identified any error with respect to the Court's analysis or come forward with any explanation that would justify a finding of manifest injustice, the Court concludes that the extraordinary remedy of reconsideration is inappropriate. Accordingly, Plaintiff's Motions for Reconsideration are denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Reconsideration, (ECF Nos. 64, 65), are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's additional filings in support, styled as the Motion to the Board of Judicial Review, (ECF No. 68), and the Motion to the United States Board of Review, (ECF No. 71), are **DENIED**.

**DATED** this 14 day of November, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge