1

2

3

4

5

6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7

8

9

10

11

12

CLARK HAMER,

Plaintiff,

v.

STATE OF NEVADA BUREAU OF VOCATIONAL REHABILITATION EMPLOYMENT AND TRAINING, *et al.*,

Defendant.

Case No. 2:15-cv-01036-GMN-GWF

**REPORT AND RECOMMENDATION**

13

14

15

16

This matter is before the Court on the United States Court of Appeals for the Ninth Circuit's Referral Notice (ECF No. 79), filed on December 6, 2018. Also before the Court is Plaintiff's Motion to Continue Status of *In Forma Pauperis* and Update Financial Status (ECF No. 80), filed on December 14, 2018.

17

**BACKGROUND**

18

19

20

21

22

23

24

25

26

27

28

On March 30, 2018, the Court found that Plaintiff failed to properly serve Defendant in this action and granted Defendant's motion to dismiss. ECF No. 62. Plaintiff's complaint was dismissed without prejudice. *Id.* On April 14, 2018, Plaintiff filed a motion for reconsideration (ECF No. 64) and on November 14, 2018, the Court denied Plaintiff's motion for reconsideration. *See* ECF No. 74. On November 30, 2018, Plaintiff filed his notice of appeal to the United States Court of Appeals for the Ninth Circuit. ECF No. 77. He appeals the Court's orders dismissing his complaint without prejudice (ECF No. 62), entering judgment in favor of Defendant and against Plaintiff (ECF No. 63), denying his motion for reconsideration (ECF No. 74). On December 6, 2018, the Ninth Circuit referred this matter to the Court for the limited purpose of determining whether *in forma pauperis* status should continue for this appeal or whether the appeal is frivolous or taken in bad faith. *See* ECF No. 79.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DISCUSSION**

Plaintiff provides an updated application to proceed in forma pauperis and requests that his *in forma pauperis* status continue on appeal. 28 U.S.C. § 1915(a)(3) provides that "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *See also Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). "In the absence of some evident improper motive, the applicant's good faith is established by presentation of any issue that is not plainly frivolous." *Ellis v. United States,* 356 U.S. 674 (1958). Like an *in forma pauperis* complaint, an appeal is frivolous if it lacks an arguable basis in law or fact. *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)).

Plaintiff's complaint was dismissed for failing to properly serve the Defendant. *See* ECF 62. The Court found that service was insufficient pursuant to the Federal Rules of Civil Procedure because Plaintiff failed to file proof of service as to the state of Nevada's chief executive officer, the governor. *Id.* The Court further found that service was insufficient under Nevada Revised Statute ("NRS") § 41.031(2) because Plaintiff failed to serve both a person serving in the office of the administrative head of the relevant state entity as well as the Attorney General. *Id.* at 5. In its order denying Plaintiff's motion for reconsideration, the Court reiterated that Plaintiff failed to furnish the completed USM-285 form with the correct address and proper entity for service under both the Federal Rules of Civil Procedure and Nevada law. *See* ECF No. 74. On appeal, Plaintiff argues that he never received the forms "to confirm the names of the chief executive officer, from the clerk of the court." *See Plaintiff's Motion* (ECF No. 77), 2. He appears to further argue that service was untimely due to the Court's delay and that the Court denied his request to update the summons. *Id.* at 4. He states that the Court denied his motions to issue summons and the complaint. *Id.*

The Court finds that Plaintiff's appeal is frivolous and, therefore, not taken in good faith. In its screening order of Plaintiff's third amended complaint, the Court instructed the clerk of the court to issue summons to the Defendant, deliver summons to the U.S. Marshal for Service, and to send the required USM-285 forms to Plaintiff to be completed within 20 days by Plaintiff and

returned to the U.S. Marshals Office.  *See* ECF No. 30.  Contrary to Plaintiff's assertion that he did not receive the USM-285 forms, an unexecuted return and proof of service were filed that include completed USM-285 forms.  *See* ECF Nos. 34, 37.  Service was insufficient, however, because Plaintiff did not provide the correct entity and/or proper address as to the Defendant on the USM-285 forms.

In addition, Plaintiff filed motions to issue summonses to ten individuals who were not named as individual defendants or parties to this matter in his third amended complaint.  *See* ECF Nos. 27, 29, 33.  The Court denied Plaintiff's motions without prejudice to him filing a motion to amend his complaint according to the Local Rules of Practice for the District of Nevada and the Federal Rules of Civil Procedure.  *See* ECF No. 38.  Such motions did not request that the court update the address or entity information in the summons as to Defendant Nevada Bureau of Vocational Rehabilitation Employment and Training.  Further, the Court did not dismiss Plaintiff's complaint for untimely service and, therefore, Plaintiff's argument that service was untimely due to delay of the Court is not based in law or fact.  Therefore, it is recommended that the Court deny Plaintiff's motion to continue *in forma pauperis* status and certify that Plaintiff's appeal is not brought in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Continue Status of *In Forma Pauperis* and Update Financial Status (ECF No. 80) be **denied** and that the District Judge enter an order certifying that Plaintiff's appeal is not taken in good faith.

Dated this 17th day of January, 2019.

GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  Appeals may be waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142

1    (1985).  Failure to file objections within the specified time or failure to properly address and

2    brief the objectionable issues waives the right to appeal the District Court's order and/or

3    appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157

4    (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28