**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| CLARK HAMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No.: 2:15-cv-1036-GMN-GWF |
| | ) | |
| STATE OF NEVADA, DEPARTMENT OF EMPLOYMENT, REHABILITATION AND TRAINING, VOCATIONAL REHABILITATION BUREAU, | ) ) ) ) ) | **ORDER** |
| Defendant. | ) ) | |

Pending before the Court is the Report and Recommendation ("R&R"), (ECF No. 81), in which Magistrate Judge George Foley recommends that the Court deny Clark Hamer's ("Plaintiff's) Motion to Continue In Forma Pauperis ("IFP") Status, (ECF No. 80), and certify that Plaintiff's appeal is not taken in good faith. (*See* R&R 3:17–19, ECF No. 81). Plaintiff filed an objection, (ECF No. 83), and Defendant the State of Nevada Department of Employment, Training and Rehabilitation, Vocational Rehabilitation Bureau ("Defendant") filed a Response, (ECF No. 85).[1] For the reasons discussed below, Judge Foley's R&R is **ACCEPTED** and **ADOPTED in full**.

**I. BACKGROUND**

Relevant to the instant Motion, Plaintiff filed a Third Amended Complaint ("TAC") on September 26, 2016, (ECF No. 19). In his screening order, Judge Foley ordered the Clerk of Court to send Plaintiff the USM-285 form and that Plaintiff furnish the completed form to the

---

[1] In light of Plaintiff's status as a pro se litigant, the Court has liberally construed his filings, holding them to a standard less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

U.S. Marshal to effect service of process. (R&R 5:4–15, ECF No. 30). The U.S. Marshal's initial summons was returned unexecuted due to an incorrect address, (ECF No. 34), and a second summons was returned executed showing an individual was served on October 26, 2017, (ECF No. 37).

Defendant filed a motion to dismiss, (ECF No. 39), which the Court granted because Plaintiff's service of process was deficient. (Order 4:3–5:20, ECF No. 62). Under the Federal Rules, Plaintiff's service was improper because he did not serve the State's chief executive officer. (*Id.* 4:3–18); *see also* Fed. R. Civ. P. 4(j)(2)(A). Under Nevada law, which the Federal Rules permit service under, *see* Fed. R. Civ. P. 4(j)(2)(B), Plaintiff's service was defective because Plaintiff incorrectly addressed service to Defendant *and* failed to serve the attorney general. (Order 4:19–5:20, ECF No. 62); *see also* NRS 41.031(2). The Court dismissed Plaintiff's TAC without prejudice and advised Plaintiff that "he may file a new case with an opportunity to effect proper service." (Order 6:4–7, ECF No. 62).

On April 13, 2018, Plaintiff moved to reconsider on the basis that he was not at fault for the improper service. (Mot. for Recons. at 1–2, ECF No. 64). The Court denied Plaintiff's motion and explained that Judge Foley's order stated that Plaintiff is responsible for "furnish[ing] the required USM-285 forms to the U.S. Marshal." (Order 3:22–24, ECF No. 74) (quoting (R&R 5:7–9, ECF No. 30)). In addition to Plaintiff's failure to properly complete the USM-285 form, the Court noted that even if Plaintiff provided legal justification for incorrectly addressing the USM-285 form, this would not impact Plaintiff's failure to serve either the State's attorney general pursuant to Rule 4(j)(2)(B), or serve the governor under Rule 4(j)(2)(A). (Order 4:7–5:4, ECF No. 74). Because Plaintiff's motion failed to identify "any error with respect to the Court's analysis or come forward with any explanation that would justify a finding of manifest injustice," the Court concluded that the extraordinary remedy of reconsideration was inappropriate. (*Id.* 5:6–13).

Plaintiff subsequently filed a notice of appeal, (ECF No. 77), in which he faults the Court for its purported failure to serve the USM-285 forms on proper defendants. (*Id.*). The Ninth Circuit Court of Appeals referred the matter back to this Court with the following instruction:

> This matter is referred to the district court for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith. *See* 28 U.S.C. § 1915(a)(3); *see also Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of forma pauperis status is appropriate where district court finds the appeal to be frivolous).

(*See* Referral Notice, ECF No. 79).

Pursuant to the Ninth Circuit's referral, Plaintiff filed a Motion to Continue IFP Status, (ECF No. 80). In Judge Foley's R&R, he recounted the two grounds upon which the Court held that service was insufficient and noted that the factual record did not support Plaintiff's contention that he did not receive the USM-285 forms. (R&R 2:11–3:5, ECF No. 81). Judge Foley also stated that Plaintiff's argument concerning "untimely service," is misplaced because it was not the basis for the Court's dismissal of his Complaint. (*Id.* 3:12–16). Accordingly, Judge Foley recommends that the Court deny Plaintiff's Motion and certify that Plaintiff's appeal is not taken in good faith.

## II.  **LEGAL STANDARD**

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. *See* 28 U.S.C. § 636(b)(1)(B); D. Nev. Local R. IB 3-2. Upon the filing of such objections, the Court must make a de novo determination of those portions of the Report to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. Local R. IB 3-2(b).

## III. DISCUSSION

In his Motion, Plaintiff continues to claim that he never received the USM-285 forms and that he indeed complied with the service requirements of Rule 4(j)(2). (*See* Obj., ECF No. 83). Defendant contends that the R&R was correctly decided because Plaintiff has failed to put forth a "valid, non-frivolous argument[] as to why he failed to comply with FRCP 4(j)(2)." (Def.'s Resp. to Obj. 14:3–8, ECF No. 85).

28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *See also Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). "In the absence of some evident improper motive, the applicant's good faith is established by presentation of any issue that is not plainly frivolous." *Ellis v. U.S.*, 356 U.S. 674 (1958). The standard for determining whether an appeal is frivolous is essentially the same as the standard for determining whether a claim is frivolous, i.e., whether it lacks an arguable basis either in law or in fact. *See Franklin v. Murphy*, 745 F.2d 1221, 1227–28 (9th Cir. 1984).

The Court finds Plaintiff's appeal is not taken in good faith because Plaintiff continues to erroneously contend that the Clerk of Court, Judge Foley, and the U.S. Marshal were at fault for Plaintiff's service upon an improper individual at an incorrect address. In cases where a "plaintiff proceeds in forma pauperis, plaintiff is entitled to rely on the officers of the court to issue and serve all process." *Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1242 (N.D. Cal. 2008) (citing 28 U.S.C. § 1915(d)). The court must appoint the Marshal to effect service, *see* Fed.R. Civ. P. 4(c)(2), and the Marshal, upon order of the court, must serve the summons and the complaint. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994). However, a plaintiff's justified reliance on service through the U.S. Marshal presupposes that the plaintiff has furnished the information necessary to identify the defendant. *Id.*; *see also Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).

Here, Judge Foley's initial R&R expressly ordered that Plaintiff would "have twenty (20) days to furnish the required USM-285 forms to the U.S. Marshall." (R&R 5:7–9). Judge Foley further ordered that if "Plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendant," then Plaintiff may file a motion "specifying a more detailed name and address and indicating whether some other manner of service should be used." (*Id.* 5:10–13). Contrary to Plaintiff's factual assertion, the record shows that Plaintiff received and completed the USM-285 forms but failed to address them to a proper defendant. (*See* Summons Returned Unexecuted, ECF No. 34) (unexecuted due to incorrect address); (Summons Returned Executed, ECF No. 37) (executed but not served on proper individual). Because Plaintiff furnished incorrect information on the USM-285 forms, Plaintiff was not entitled to rely upon service by the U.S. Marshal. *See McElroy v. Embery*, No. 1:07-cv-01559-LJO-DLB-PC, 2009 WL 1083107, at *1 (E.D. Cal. Apr. 22, 2009) (dismissing action under Rule 4(m) where the pro se plaintiff gave the USM an inaccurate address). *Cf. Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1242–43 (N.D. Cal. 2008) ("Here, the lack of service is not attributable to any failure on plaintiff's part. Plaintiff has provided defendant's location, at the requested service of the complaint.").

As to Plaintiff's failure to serve either the governor or attorney general, the Court notes that this reason, standing alone, warrants dismissal. *See* Fed. R. Civ. P. 4(j)(2) (providing that a state-created entity must be served by delivering a copy of the summons and complaint to a state's chief executive officer or by complying with state law for service of process); *see also* NRS 41.031(2) (requiring that in a suit against a state entity, service must be directed to both the state's attorney general, or his designee, and a person serving in the office of the administrative head of the named agency). Plaintiff has never moved the Court to serve the governor or attorney general and has repeatedly neglected to offer any justification for this oversight. *See Depasquale v. Nevada*, No. 3:11-CV-00191-LRH, 2012 WL 5989706, at *4 (D.

Nev. Sept. 18, 2012), *report and recommendation adopted*, No. 3:11-CV-00191-LRH, 2012 WL 5989710 (D. Nev. Nov. 29, 2012) ("Plaintiff has not demonstrated that he provided the court or the U.S. Marshal with sufficient information to serve defendant Robertson, or that he requested that defendant Robertson be served. Instead, the record establishes that Plaintiff never made any effort to effectuate service with respect to defendant Robertson."). Thus, Plaintiff's assignment of fault to the Clerk of Court and U.S. Marshal—even if credited as true—would not explain his failure serve all parties required under Rule 4(j)(2). (*See* Order 4:25–5:5, ECF No. 74).

In summary, the Court finds that Plaintiff's current appeal is not taken in good faith. Plaintiff's argument in favor of excusable neglect erroneously assigns fault with the Court and the Clerk of Court. Significantly, Plaintiff has never come forth with explanation or argument concerning his failure to serve the governor or attorney general. Finally, Plaintiff's factual contention that he never received the USM-285 form is without merit. Therefore, the Court finds that Plaintiff's appeal, which reasserts the same contentions this Court has repeatedly rejected, is not taken in good faith. The Court, therefore, overrules Plaintiff's Objection and accepts and adopts Judge Foley's R&R in full.

///
///
///
///
///
///
///
///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 81), is **ACCEPTED and ADOPTED in full**. Plaintiff's appeal is certified as not taken in good faith and his IFP status shall be revoked. The Clerk of Court shall notify Plaintiff and the Ninth Circuit Court of Appeals of this Order. *See* Fed. R. App. P. 24(a)(4).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Continue IFP Status, (ECF No. 80), and Objection, (ECF No. 83), are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's miscellaneous filing styled as the Response to Chief Judge Gloria M. Navarro Order, (ECF No. 75), is **DENIED as moot**.

**DATED** this __20__ day of February, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Judge